IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WESLEY WAYNE AUSTIN                    *
           Petitioner,
    v.                                 *   CIVIL ACTION NO. AW-06-1590

LISA HOLLINGSWORTH                     *
SHIRLEY CRUMP
STEVE FINGER                           *
M. JOSEPH
J. HOWARD LOSIEWICZ                    *
           Respondents.
                                ***

**MEMORANDUM**

Wesley Wayne Austin ("Petitioner") is a U.S. Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). On June 20, 2006, the court received for filing his 28 U.S.C. § 2241 petition, seeking review of a disciplinary hearing decision. Paper No. 1. Petitioner claims that he was denied due process at an adjustment hearing when: (i) he was deprived of a requested witness, fellow inmate Kevin Jones; and (ii) there was insufficient evidence to administratively charge and find him guilty of fighting with an inmate.[1]

The Petition shall be dismissed without prejudice. Challenges to the manner, location, or conditions of the execution of a prisoner's sentence are properly raised under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *United States v. Miller*, 871

---

[1] Petitioner's prior civil rights action contained additional details regarding the adjustment proceedings. *See Austin v. Hollingsworth, et al.*, Civil Action No. AW-06-1334 (D. Md.). In that case Petitioner alleged that he was participating in the Residential Drug and Alcohol Program ("RDAP") at FCI-Cumberland and was employed in the education department as a tutor. Paper No. 1. He claimed that he was a model inmate and infraction free until March 7, 2006, when fellow inmate Chiang entered a room where Petitioner was holding a class and became disruptive. *Id*. Petitioner alleged that Chiang left the classroom upon request and then gave perjurious information to FCI-Cumberland staff regarding his interaction with Petitioner, resulting in: Petitioner's placement in the Special Housing Unit ("SHU") pending investigation; the issuance of an incident report; and the referral of the matter from a Unit Disciplinary Committee ("UDC") to a disciplinary hearing officer ("DHO") with recommendation for sanctions. *Id*. Petitioner complained that he was sanctioned with the loss of good time credits, disciplinary segregation, and restrictions placed on his access to the telephone. *Id*.

F.2d 488, 490 (4th Cir.1989); *Monahan v. Winn*, 276 F.Supp.2d 196, 204 (D. Mass. 2003). An inmate's petition to expunge the BOP's disciplinary sanctions from his record, as a challenge to the execution of his sentence, is properly brought via an application for a writ under § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) (federal inmate's challenge to loss of good time credits is properly brought under § 2241 because it is a challenge to "an action affecting the fact or duration of the petitioner's custody"); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 758-59 (3<sup>d</sup> Cir.1996) (federal inmate's challenge to loss of good time credits following disciplinary proceeding brought pursuant to § 2241).

BOP inmates are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2<sup>d</sup> Cir. 2001); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994).

The BOP four-step process for resolution of inmate complaints may be used to resolve the underlying challenge to the March, 2006 disciplinary hearing process. The administrative remedies for federal inmates bringing a 28 U.S.C. § 2241 petition are set forth in 28 C.F.R. §§ 542.10-16. Section 542.13(a) requires that an inmate first file an informal complaint (BP-8 form) before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint with staff, then he may submit to the warden a formal written complaint (BP-9) within fifteen (15) calendar days of the date on which the basis of the complaint occurred. *See* 28 C.F.R. § 542.13(b). An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden

signed the response.[2] An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. *See* 28 C.F.R. § 542.15. The BOP's response times are established in 28 C.F.R. § 542.18. "Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id.*

Petitioner seemingly claims that requiring him to exhaust his administrative remedies would be detrimental to him as it would further delay his entitlement to immediate relief. The court finds this waiver argument unavailing. Exhaustion is required to allow the appropriate agency to develop a factual record and apply its expertise facilitates judicial review. Further, permitting the agency to grant the relief requested conserves judicial resources and affords the agency the opportunity to correct its own errors in an effort to foster administrative autonomy. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d at 761-62; *see also McKart v. United States*, 395 U.S. 185, 195 (1969). Failure to exhaust may only be excused upon a showing of cause and prejudice. *See Carmona*, 243 F.3d at 634-35. Petitioner has not made such a showing.

The court therefore concludes that the Petition should be dismissed without prejudice for the failure to satisfy administrative exhaustion requirements. A separate Order follows.

Date: July 6, 2006                                            /s/
                                                              Alexander Williams, Jr.
                                                              United States District Judge

---

[2] Petitioner seemingly indicates that he has filed a remedy and it is currently before the Regional Director, who has already filed a "request for an enlargement of time...." Paper No. 1 at 4-5.